

**RECEIVED**
MAY 29 2008
CHAMBERS OF
HENRY PITMAN
U.S.M.J.

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

May 28, 2008

**BY HAND DELIVERY**
Honorable Henry Pitman
Chief United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-30-08

Re: Edward Jamar Person v. City of New York, et. al, 07 CV 5960 (PAC) (HBP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendant City of New York. In that capacity, I write with consent of plaintiff's counsel, Tracie Sundack, Esq., to respectfully request a sixty-day enlargement of time, from May 28, 2008 until July 28, 2008, within which defendant may answer or otherwise respond to the amended complaint. This is the first request for an enlargement of time.

      The amended complaint alleges that plaintiff was assaulted on July 27, 2006 and May 9, 2007 by New York City Correction Officers while he was incarcerated at Rikers Island. In addition to the City of New York, plaintiff names Correction Officers Bibilari, Santiago, Peluso and several unidentified correction officers as defendants. Before we can adequately respond to the amended complaint, we will need to conduct an investigation into the facts of the case. Given the allegations in this case concerning plaintiff's physical and/or psychological injuries, an enlargement of time will allow this Office to forward to plaintiff for execution authorizations for the release of medical records for any treatment received as a result of the alleged incidents. Accordingly, defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the amended complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether the officers named in this action have been served with the summons and amended complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each officer. Each officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Tracie Sundack, Esq. (By fax)
Attorney for Plaintiff
Tracie A. Sundack & Associates, LLC
19 Court Street, Third Floor
White Plains, NY 10601
Fax: (914) 946-9585

*Application granted as to New York City only. Counsel cannot seek relief on behalf of parties he does not represent.*

**SO ORDERED**

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
5-29-08

---

[1] From a review of the docket sheet, the individuals identified in the caption of the amended complaint as Correction Officers Bibilari, Santiago and Peluso have not been served with a copy of the summons and amended complaint. Moreover, upon information and belief, these individuals have not requested legal representation from the Office of the Corporation Counsel. Without making any representation on behalf of these correction officers, it is respectfully requested that, in the event they were served, their time to respond to the amended complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.