UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDWARD JAMAR PERSON,

                              Plaintiff,

               -against-

THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" BIBILARI, BADGE NUMBER 7050, CORRECTION OFFICER "JOHN" PELUSO, BADGE NUMBER 10657, CAPTAIN "JOHN DOE", AND SEVERAL UNKNOWN CORRECTION OFFICERS,

                              Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

07 CV 5960 (PAC) (HBP)

JURY TRIAL DEMANDED

------------------------------------------------------------------ x

        Defendant City of New York,[1] by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff purports to bring this action and proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the Amended Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] According to the docket sheet, the individuals identified in the caption of the Amended Complaint as Correction Officer "John" Bibilari and Correction Officer "John" Peluso have not been served with a copy of the summons and Amended Complaint. Moreover, upon information and belief, these individuals have not requested legal representation from the Office of the Corporation Counsel. Therefore, they are not defendants in this action at this time.

4. Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that plaintiff purports to base venue as stated therein.

5. Denies the allegations set forth in paragraph "5" of the Amended Complaint, except admits that plaintiff purports to demand a jury trial as stated therein.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that the City of New York maintains a correction department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Department of Correction.

9. Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that Correction Officers Bibilari and Peluso were employed by the City of New York as Correction Officers in May 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officers.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint, except admits that Correction Officers Bibilari and Peluso were assigned to the Donald Cranston Judicial Center in May 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the unidentified officers.

11. Paragraph "11" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint, and states that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint, except admits that plaintiff as incarcerated on May 9, 2007 under Book and Case Number 241-06-03142 in the George R. Vierno Center.

14. Denies the allegations set forth in paragraph "14" of the Amended Complaint.

15. Denies the allegations set forth in paragraph "15" of the Amended Complaint.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint.

18. In response to the allegations set forth in paragraph "18"[2] of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Paragraph "19" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendant denies.

---

[2] Defendant notes that paragraph "18" of the Amended Complaint is misnumbered as "178."

20. Denies the allegations set forth in paragraph "20" of the Amended Complaint.

21. In response to the allegations set forth in paragraph "21" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein.

22. Denies the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint.

24. In response to the allegations set forth in paragraph "24" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint.

28. Denies the allegations set forth in paragraph "28" of the Amended Complaint.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint and all of its subparts.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim on behalf of Edward Person was received by the Office of the Comptroller on or about July 11, 2007.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint, except admits that no payment has been made on the purported claim.

36. Paragraph "36" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendant denies.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint, except admits that the Amended Complaint was filed with the Court on or about June 22, 2008.

38. In response to the allegations set forth in paragraph "38" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies the allegations set forth in paragraph "44" of the Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in the second paragraph of the Amended Complaint numbered "46."[3]

---

[3] Defendant notes that plaintiff erroneously included two paragraphs numbered "46" in the Amended Complaint.

48. In response to the allegations set forth in paragraph "47" of the Amended Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

50. Denies the allegations set forth in paragraph "49" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

51. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

52. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

54. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

55. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

56. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

57. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58. Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

59. To the extent the Amended Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

60. Plaintiff may not have exhausted all administrative remedies available to him.

WHEREFORE, defendant City of New York requests judgment dismissing the Amended Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 28, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendant City of New York
                        100 Church Street
                        New York, New York 10007
                        (212) 788-0988

                    By: _____
                          Brian Francolla
                          Assistant Corporation Counsel

To:  Tracie Sundack, Esq. (By ECF and mail)
     Attorney for Plaintiff
     Tracie A. Sundack & Associates, LLC
     19 Court Street, Third Floor
     White Plains, New York 10601

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on July 28, 2008, I served the annexed **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Tracie Sundack, Esq.
Attorney for Plaintiff
Tracie A. Sundack & Associates, LLC
19 Court Street, Third Floor
White Plains, New York 10601

Dated: New York, New York
       July 28, 2008

Brian Francolla
Assistant Corporation Counsel

07 CV 5960 (PAC) (HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| EDWARD JAMAR PERSON,<br><br>                                        Plaintiff,<br><br>                      -against-<br><br>THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" BIBILARI, BADGE NUMBER 7050, CORRECTION OFFICER "JOHN" PELUSO, BADGE NUMBER 10657, CAPTAIN "JOHN DOE", AND SEVERAL UNKNOWN CORRECTION OFFICERS,<br><br>                                        Defendants. |
| **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brian Francolla*<br>*Tel: (212) 788-0988* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ................................, 2008*<br><br>*................................................................ Esq.*<br><br>*Attorney for ...................................................* |