UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------X

EDWARD JAMAR PERSON,                    :

               Plaintiff,           :

  -against-                             :

CORRECTION OFFICER "JOHN"               :
BIBILARI, BADGE #7050, et al.,
                       :

            Defendants.        :
                       :

----------------------------------X

07 Civ. 5960 (PAC)(HBP)

SCHEDULING
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-30-08

PITMAN, United States Magistrate Judge:

An initial pretrial conference having been held in this matter on this date, with the consent of plaintiff and the City of New York, it is hereby ORDERED that:

    1.  If he has not already done so, plaintiff shall complete service of process no later than August 8, 2008.

    2.  All parties shall make all disclosures required by Fed.R.Civ.P. 26(a)(1) no later than August 13, 2008.

    3.  Any motions to amend the pleadings or to join additional parties shall be made no later than September 30, 2008.

    4.  All fact discovery shall be completed on or before January 30, 2009.

5.  At today's conference, counsel for plaintiff represented that plaintiff does not intend to offer the testimony of an expert witness who is subject to the disclosure requirements set forth in Fed.R.Civ.P. 26(a)(2).

6. If defendants intend to rely on the testimony of an expert witness, they shall make all disclosures required by Fed.R.Civ.P. 26(a)(2) no later than February 27, 2009.

7.  Dispositive motions, if any, shall be served and filed no later than March 31, 2009.

8.  The parties shall report for a settlement conference on October 16, 2008 at 2:00 p.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York  10007.

9.  The Pretrial Order, in the form required by Judge Crotty's rules, along with all other pretrial submissions required by Judge Crotty, shall be filed on April 30, 2009 or thirty days after the decision on any dispositive motion (if it is still necessary after such decision), whichever date is later.  Plaintiff shall serve a draft of his portion of the Pretrial Order on counsel for defendants no later than fifteen days prior to the Pretrial Order's due date.  For the convenience

2

of all parties, a copy of Judge Crotty's rules is
available on the Court's web site, www.nysd.uscourts.-
gov.

Dated:    New York, New York
          July 30, 2008

                                        SO ORDERED


                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

Jeffrey R. Pollock, Esq.
Tracie A. Sundack & Associates, LLC
Third Floor
19 Court Street
White Plains, New York  10601

Brian C. Francolla, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

DANIEL M. ORTIZ
COURTROOM DEPUTY
(212) 805-6112


**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Henry Pitman**


1.   All settlement conferences are "off the record" and all
communications to the magistrate judge relating to settlement are
confidential.

2.   I shall function as a mediator, attempting to help parties
reach agreement on terms of settlement.  Efficient use of this
process requires that counsel and their clients be (1) prepared for
the conference and (2) candid with the mediator.

3.   No later than the Friday before the initial settlement
conference, counsel for each party should submit a letter, no
longer than five pages, clearly marked "CONFIDENTIAL MATERIAL FOR
USE AT SETTLEMENT CONFERENCE," which need not be served on other
parties, succinctly stating (1) the history of settlement
negotiations; (2) counsel's evaluation of the settlement value of
the case and the rationale for it (not simply an "opening bid");
and (3) any other facts that would be helpful to the mediator in
preparation for the conference.  To assure receipt no later than
4:00 p.m. on the due date, it is recommended that pre-conference
submissions be faxed to 212-805-6111.

4.   At the initial settlement conference, all counsel will be
expected (in the presence of each other and the parties) to make a
brief presentation (usually 10 minutes) summarizing (1) the issues
of fact and law which they regard as dispositive; (2) the most
recent offer or demand communicated to adverse counsel; and (3) any
other matters they regard as material to settlement.  Although the
merits of the case are relevant to settlement value, counsel are
reminded that settlement conferences are not adjudicatory in
nature; discussions of legal issues should be simple and
straightforward, with due regard to the importance of participation
by the parties in the settlement process.

5.   Where all parties are represented by counsel, I shall also
meet separately with each side.  In these meetings, the parties and
their counsel should be prepared to discuss the bases for their
stated position, the amount of attorneys' fees and litigation

expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

6.    The presence in person of parties, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the initial conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.    If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.    Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a joint letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.    Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10.   If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on written request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

7/96