UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

EDWARD JAMAR PERSON,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" BIBILARI, BADGE NUMBER 7050, CORRECTION OFFICER "JOHN" PELUSO, BADGE NUMBER 10657, CAPTAIN "JOHN DOE", AND SEVERAL UNKNOWN CORRECTION OFFICERS,

                        Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CORRECTION OFFICER BIBILARI AND CORRECTION OFFICER PELUSO**

07 CV 5960 (PAC) (HBP)

JURY TRIAL DEMANDED

------------------------------------------------------------------- x

        Defendants Correction Officer Bibilari and Correction Officer Peluso,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to bring this action and proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] On or about July 28, 2008, defendant City of New York served and filed an answer to the Amended Complaint.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to demand a jury trial as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that the City of New York maintains a correction department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Department of Correction.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Correction Officers Bibilari and Peluso were employed by the City of New York as Correction Officers in May 2007, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identities of the unidentified officers.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Correction Officers Bibilari and Peluso were assigned to the Donald Cranston Judicial Center in May 2007, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identities of the unidentified officers.

11. Paragraph "11" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, and state that the allegations concerning acting under color of law set forth conclusions of law rather than averments of fact, to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that plaintiff was incarcerated on May 9, 2007 under Book and Case Number 241-06-03142 in the George R. Vierno Center.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. In response to the allegations set forth in paragraph "18"[2] of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Paragraph "19" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendants deny.

---

[2] Defendants note that paragraph "18" of the Amended Complaint is misnumbered as "178."

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. In response to the allegations set forth in paragraph "21" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. In response to the allegations set forth in paragraph "24" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "23" of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint and all of its subparts.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. In response to the allegations set forth in paragraph "33" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim on behalf of Edward Person was received by the Office of the Comptroller on or about July 11, 2007.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint, except admit that no payment has been made on the purported claim.

36. Paragraph "36" of the Amended Complaint sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendants deny.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that the Amended Complaint was filed with the Court on or about June 22, 2008.

38. In response to the allegations set forth in paragraph "38" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in the second paragraph of the Amended Complaint numbered "46."[3]

---

[3] Defendants note that plaintiff erroneously included two paragraphs numbered "46" in the Amended Complaint.

48. In response to the allegations set forth in paragraph "47" of the Amended Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

51. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

52. Defendants Bibilari and Peluso have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

54. Plaintiff provoked any incident.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

55. This action may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

56.     Plaintiff may have failed to comply with the provisions of New York General Municipal Law § 50-e and § 50-i.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

57.     Plaintiff may not have exhausted all administrative remedies available to him.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

58.     Defendants Bibilari and Peluso have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

59.     At all times relevant to the acts alleged in the Amended Complaint, defendants Bibilari and Peluso acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Bibilari and Peluso request judgment dismissing the Amended Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              August 19, 2008

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                   City of New York
                                   Attorney for Defendants City of New York,
                                   Correction Officer Bibilari and Correction Officer
                                   Peluso
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 788-0988

                         By:    _____
                                   Brian Francolla
                                   Assistant Corporation Counsel


To:     Jeffrey Pollack, Esq. (By ECF and mail)
        Attorney for Plaintiff
        Tracie A. Sundack & Associates, LLC
        19 Court Street, Third Floor
        White Plains, New York 10601

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on August 19, 2008, I served the annexed **ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CORRECTION OFFICER BIBILARI AND CORRECTION OFFICER PELUSO** upon the following attorney for plaintiff by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiff at the address set forth below, being the address designated by said attorney for plaintiff for that purpose:

Jeffrey Pollack, Esq.
Attorney for Plaintiff
Tracie A. Sundack & Associates, LLC
19 Court Street, Third Floor
White Plains, New York 10601

Dated: New York, New York
       August 19, 2008

                                                    Brian Francolla
                                                    Assistant Corporation Counsel

07 CV 5960 (PAC) (HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| EDWARD JAMAR PERSON,<br><br>          Plaintiff,<br><br>        -against-<br><br>THE CITY OF NEW YORK, CORRECTION OFFICER "JOHN" BIBILARI, BADGE NUMBER 7050, CORRECTION OFFICER "JOHN" PELUSO, BADGE NUMBER 10657, CAPTAIN "JOHN DOE", AND SEVERAL UNKNOWN CORRECTION OFFICERS,<br><br>          Defendants. |
| **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CORRECTION OFFICER BIBILARI AND CORRECTION OFFICER PELUSO** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Correction Officer Bibilari and Correction Officer Peluso*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brian Francolla*<br>*Tel: (212) 788-0988* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................,2008*<br><br>*............................................................. Esq.*<br><br>*Attorney for ...................................................* |